**SHENG WEN DONG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

**No. 07–1071–ag.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Angela N. Liang, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Sheng Wen Dong, a native and citizen of China, seeks review of a February 20, 2007 order of the BIA affirming the July 26, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and finding that his asylum application was frivolous. *In re Dong*, No. A 78 743 446 (B.I.A. Feb. 20, 2007), *aff'g* No. A 78 743 446 (Immig. Ct. N.Y. City July 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007) (citing section 1252(b)(4)(B)). Here, however, there is little for the Court to review because Dong has either waived or failed to exhaust any challenge to the dispositive bases for the agency's denial of the relief he sought.

■■■■ Because Dong has failed sufficiently to challenge the pretermission of his untimely asylum claim and the agency's adverse credibility finding before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). The IJ's pretermission of Dong's asylum claim was a sufficient basis for the denial of that relief. Dong's failure to address the agency's adverse credibility determination is fatal to his challenge to the denial of his applications for withholding of removal and CAT relief because the only evidence that Dong's life or freedom would be threatened or that he was likely to be tortured depended upon his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Finally, we decline to consider Dong's challenge to the IJ's frivolousness finding. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). Because petitioner failed to challenge the IJ's finding that his asylum application was frivolous in his appeal to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we cannot consider this argument. *See id.* at 124.

For the foregoing reasons, the petition for review is DENIED.